UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAYS INNS WORLDWIDE, INC., a Delaware Corporation,<br><br>                                  Plaintiff,<br><br>v.<br><br>JPM, INC., a Georgia Corporation, and JAYANTILAL SHAH, an individual,<br><br>                                  Defendants. | Civ. No. 13-3017 (KM)<br><br>OPINION |

**MCNULTY, U.S.D.J.:**

This matter comes before the Court on the unopposed motion of the plaintiff, Days Inns Worldwide, Inc. ("DIW"), for relief from portions of this Court's order entering final judgment by default against the defendants, JPM, Inc. ("JPM") and Jayantilal Shah.[1] (Dkt. No. 14) As set forth in more detail below, the order awarded DIW damages for unpaid recurring fees, attorneys' fees, and costs, but denied liquidated damages. (Dkt. No. 13) Plaintiff now requests that the Court amend the order to include liquidated damages, pursuant to FED. R. CIV. P. 60(a). For the reasons set forth below, I will deny the motion.

### I. BACKGROUND

The facts underlying the default judgment were set forth in the Court's prior opinion and need not be repeated in full here. (*See* Dkt. No. 12, pp. 1-3.)

---

[1] Pursuant to a notice of dismissal, two additional defendants, Gulabbhai P. Maisuria and Manu D. Patel, were terminated as parties on December 30, 2013. (Dkt. No. 7) The matter was dismissed as to these defendants with prejudice.

1

For current purposes, relevant facts alleged in the Complaint can be briefly summarized.

On October 3, 1997, DIW entered into a License Agreement with Shah for the operation of a forty-room guest lodge facility in Rincon, Georgia. (Dkt. No. 1, ¶10; Exhibit A ("License Agreement")) Pursuant to the agreement, Shah was obligated to operate a Days Inn guest lodging facility for twenty-two years and to make certain periodic payments to DIW for royalties, service assessments, taxes, interest, reservation system user fees, and other fees (collectively referred to herein as "recurring fees"). (Dkt. No. 1, ¶¶ 12, 13) JPM also agreed to pay interest on delinquent payments. (Dkt. No. 1, ¶ 14)

On May 4, 2000, Shah, DIW, and JPM entered into an Assignment and Assumption Agreement ("Assignment Agreement") whereby JPM assumed all of Shah's rights and obligations under the License Agreement. (Dkt. No. 1, ¶ 11; Exhibit B ("Assignment Agreement")) Shah provided DIW with a guaranty of JPM's obligations under the License Agreement upon the effectuation of the Assumption Agreement. (Dkt. No. 1, ¶ 20; Exhibit C ("Guaranty"))

Under the terms of the License Agreement, DIW could terminate the agreement for various defaults. (Dkt. No. 1, ¶ 17) In the event of termination, JPM agreed to pay liquidated damages to DIW in accordance with a formula set for in the License Agreement. (Dkt. No. 1, ¶ 18) The License Agreement also provided that the non-prevailing party would be required to pay attorneys' fees and costs incurred by the prevailing party to enforce the License Agreement or to collect amounts owed. (Dkt. No. 1, ¶ 19)

Beginning in November 2011, DIW informed JPM by multiple letters that it owed DIW recurring fees and was in violation of their agreement. (Dkt. No. 1, ¶¶ 23-24) By letter dated March 28, 2012, DIW exercised its right to terminate the License Agreement because of JPM's continued default. (Dkt. No. 1, ¶ 25)

DIW's Complaint, filed on May 10, 2013 (Dkt. No. 1), sought (1) liquidated damages in the amount of $80,000 (plus prejudgment interest), pursuant to § 12.1 of the License Agreement; (2) recurring fees in the amount

of $137,286,[2] pursuant to § 7 and Schedule C of the License Agreement; and (3) attorneys' fees and costs in the amount of $9,227.96, pursuant to § 17.4 of the License Agreement. Defendants failed to answer or otherwise respond to the Complaint. On DIW's request, the Clerk of Court entered default judgment against defendants on July 26, 2013.

On April 21, 2014, DIW filed a motion for default judgment against JPM and Shah. (Dkt. No. 11) This Court entered default judgment on August 4, 2014. (Dkt. No 13) The Court awarded plaintiff $146,513.96, consisting of $137,286 in recurring fees and $9,227.96 in attorneys' fees and costs, along with post-judgment interest at the appropriate rate pursuant to 28 U.S.C. § 1961. (Dkt. No. 13) The Court found that the recurring fees and attorneys' fees and costs were sufficiently documented and that that the attorneys' fees and costs did not appear to be unreasonable or disproportionate. (*See* Dkt. No. 12, p. 7)

I exercised my discretion to deny DIW's request for liquidated damages in the amount of $80,000 principal, plus $43,986.75 interest, finding that DIW had not adequately explained its liquidated damages calculation or demonstrated the provision's reasonableness, as required by New Jersey law. See *MetLife Capital Financial Corp. v. Washing Ave. Associates L.P.*, 159 N.J. 484, 493, 732 A.2d 493 (1999); *see also* N.J.S.A. 12A:2-718. In addition, DIW's liquidated damages request, on its face, appeared to contain at least one error as to the applicable date.

On November 17, 2014—more than three months after the entry of judgment—DIW filed the present motion. (Dkt. No. 14) In its papers, DIW offers an explanation for the formula it relied upon to calculate liquidated damages, as well as a revised calculation of prejudgment interest. Explaining that in its initial papers, it used the wrong date to calculate prejudgment interest on the liquidated damages (April 30, 2011 instead of April 27, 2012), DIW reduces its

---

[2]  This amount is inclusive of interest, calculated at the legal rate of 1.5% per month, pursuant to Section 7.3 of the License Agreement.

3

liquidated damages request (inclusive of prejudgment interest) from $123,986.75 to $109,660.40. (Dkt. No. 14, pp. 13-14) DIW asserts that the Court's August 4, 2014 order should be amended because the flaws in its liquidated damages request constitute a "clerical error" (on the part of DIW) that warrants correction under FED. R. CIV. P. 60(a). I disagree, and will deny the motion.

## II. DISCUSSION

### a. L. CIV. R. 7.1(i), FED. R. CIV. P. 59(e)

Plaintiff DIW's motion, directed to the Court's August 4, 2014 order and judgment, is most naturally seen as one under L. CIV. R. 7.1(i), "Motions for Reconsideration," or FED. R. CIV. P. 59(e), "Motion to Alter or Amend a Judgment." Indeed, the plaintiff's papers sometimes appear to describe it as such. (*See* Dkt. No. 14, p. 4) ("DIW now moves the court to reconsider its prior ruling based upon the additional explanation submitted herewith, including DIW's method for calculating liquidated damages.").

L. CIV. R. 7.1(i) requires that a motion for reconsideration be filed within 14 days after the entry of the order or judgment. FED. R. CIV. P. 59(e) requires that a motion to alter or amend a judgment must be filed "no later than 28 days after the entry of the judgment." Here, judgment was entered on August 4, 2014, and DIW's motion was filed on November 17, 2014, more than three months later. Under either of these Rules, then, this motion would be untimely.[3]

DIW's delay in filing the motion is unexplained. The August 4, 2014 opinion clearly stated the deficiencies I perceived with the plaintiff's liquidated damages claim. A timely motion for reconsideration under Local Rule 7.1 or

---

[3]   Nor has DIW filed a notice of appeal—and an untimely motion does not extend the time to appeal under Fed. R. App. P. 4(a)(4)(A). A Rule 60 motion extends the time to appeal by 28 days, at most. *Id.*

4

Rule 59(e) might have afforded the Court more latitude to change its ruling in light of information that had not been before it. But because such a motion is out of time, the plaintiff is relegated to Rule 60(a), which has no time limit, but imposes a far stricter substantive standard.

### b. FED. R. CIV. P. 60(a)

In light of the time limits discussed above, the plaintiff has instead invoked FED. R. CIV. P. 60(a), which has no time limit. *See* FED. R. CIV. P. 60(a) (court may correct a "clerical mistake ... whenever one is found"). Rule 60(a), however, is not simply an avenue for circumventing the time limits of Rule 59(e). *See, e.g., Thompson v. Toyota Motor Corp.*, 157 F.R.D. 10, 12 (D.N.J. 1994)(noting that "a litigant may not avoid the time limitation imposed by Rule 59(e) by filing his motion pursuant to [an inapplicable rule]," in that case, Rule 60(b))(internal quotations and citations omitted). Rule 60(a) and its liberal approach to timeliness, however, are strictly confined to the correction of clerical or scrivening errors. *Stradley v. Cortez*, 518 F.2d 488, 493 (3d Cir. 1975)(unless a mistake is truly clerical in nature, plaintiff "cannot take advantage of the liberal time provision of Rule 60(a)").[4]

Rule 60(a), then, allows the court to correct a "clerical mistake or a mistake arising from oversight or omissions whenever one is found in a judgment, order, or other part of the record." The Third Circuit has explained that the rule is "limited to the correction of 'clerical mistakes'; it encompasses only errors 'mechanical in nature, apparent on the record, and not involving an error of substantive judgment.'" *Pfizer Inc. v. Uprichard*, 422 F.3d 124, 129-30 (3d Cir. 2005)(quoting *Mack Trucks, Inc. v. Int'l. Union, UAW*, 856 F.2d 579, 594 n.16 (3d Cir. 1988)). The rule was adopted to make clear that courts can "correct judgments which contain clerical errors, or judgments which have been issued due to inadvertence or mistake." *In re FleetBoston Fin. Corp. Sec.*

---

[4] When *Thompson* and *Stradley* were decided, Rule 59(e) had a 10 day filing deadline. The principle remains the same.

5

*Litig.*, No. 02-cv-4561, 2007 WL 4225832, at *4 (D.N.J. Nov. 28, 2007) (quoting *American Trucking Ass'ns v. Frisco Transp. Co.*, 358 U.S. 133, 145 (1958)).

To ensure finality, correction of allegedly substantive errors is subject to the relatively short time limits to move for amendment or reconsideration, or to file an appeal. Mistakes that are merely clerical, however, can be corrected without reopening the substantive merits. For that reason, a Rule 60(a) motion to correct such a mistake may be filed at any time.

In general, Rule 60(a) applies to the Court's own mistakes, but it has been stretched slightly. Because the Rule is "used to make an order reflect the actual intentions of the court, plus necessary implications," a court may use it to correct clerical errors made by a party when necessary to make a written order accurately reflect the court's decision. *In re FleetBoston*, 2007 WL 4225832, at *4 (internal quotations and citations omitted); see *U.S. v. Stuart*, 392 F.2d 60, 62 (3d Cir. 1968) (pursuant to Rule 60(a), allowing the government to supplement the record with a document that supported the judgment and was "inadvertently omitted" at the time of judgment). No such circumstances are present here.

It is possible to argue with this Court's substantive decision, and the plaintiff does. But such arguments have no place in a Rule 60(a) motion. There was no scrivening error that resulted in the Court's order failing to reflect its actual decision. The order accurately reflected the Court's decision, which granted recurring fees, attorneys' fees, and costs, but denied liquidated damages. That was the Court's intent, and that is what the order did.

What DIW seeks to correct here are errors or omissions in its own papers which, if remedied, might have led the Court to make a different decision. (*See* Dkt. No. 14, p. 8) (requesting that the Court correct "DIW's oversight in presenting its claimed liquidated damages, along with the typographical error in the prejudgment interest calculation..."). That is quintessentially a matter for

6

reconsideration under Local Rule 7.1 or Rule 59(e), not for correction of a clerical error under Rule 60(a).

Here, from the August 4, 2014 opinion, are the Court's several reasons for denying DIW's liquidated damages claim:

> DIW here asserts an awkward combination of actual and liquidated damages. It does not adequately explain the extent to which they might overlap. Nor does DIW proffer a basis for the Court to conclude that the liquidated damages provision is a reasonable estimate of difficult-to-calculate actual damages. The liquidated damages provision does suggest a formula, based on recurring fees for the preceding 24 months, but it also provides that "Liquidated Damages shall not be less than the product of $2,000 multiplied by the number of guest rooms in the Facility." Agreement § 12.1. DIW has not calculated that formula, but rests on the $2,000 per room minimum amount—which comes out to $80,000, plus $43,986.75 interest. The relation between that minimum amount and a reasonable estimate of actual damages is not explained. At any rate, DIW does not apportion its damages in detail. Nor does it explain how liquidated "future" damages ("future" as of 2011, that is) relate to the actual history of the property since then. Nor does DIW explain how these liquidated damages might interact with its duty to mitigate after terminating the contract.

(Dkt. No. 12, pp. 6-7) These are all substantive reasons—mistaken ones, says DIW, but nevertheless substantive, not clerical.

DIW hangs much of its argument on the Court's footnoted observation that, in calculating prejudgment interest (not liquidated damages *per se*), DIW might have accidentally written 2011 when it intended 2012:

> I note, for example, that the Liquidated Damages are claimed as "future" damages as of the date of the "termination" on April 30, 2011. Fenimore Aff. ¶ 26. As of March 15, 2012, however, the correspondence is still referring to a "default" (not a termination), offering the opportunity to cure, and calculating actual, accrued damages (not future or estimated damages), as of that date, in the amount of $130,712.71. Fenimore Aff. Ex. E. On this motion, DIW is claiming that entire amount in addition to the "future" liquidated damages. And interest on the entire $80,000 is calculated on an accelerated basis from April 30, 2011. (Perhaps 2012 was

7

intended.) When a default is claimed, a party is expected to exercise particular care and to explain its calculations in sufficient detail, because no adversary is present to probe their accuracy. I am not satisfied that threshold has been met.

(Dkt. No. 12, pp. 6–7 n.4)

Such a calculation-related error—plaintiff's, not the Court's—does not transform DIW's entire presentation of its liquidated damages claim into a "clerical error" that may be "corrected." First, of course, this error was caught by the Court, brought to DIW's attention, and taken into account in the Court's discussion. Second, it is but one small facet of the Court's disagreement with the liquidated damages presentation. Third, it relates primarily to interest and bears indirectly upon the underlying denial of liquidated damages.

The Court found DIW's presentation as to liquidated damages to be substantively inadequate. Believing that there is potential for overreaching in the calculation of damages by hotel chains pursuant to their very stringent agreements with defaulting franchisees, I held plaintiff to an appropriate standard of legal and factual accuracy. That, assuming *arguendo* that it was a mistake, is not the kind of clerical mistake that can be corrected without reopening the merits. Rule 60(a) was not intended to reach claims of this kind.

### III. CONCLUSION

For the foregoing reasons, the motion of plaintiff DIW is denied. A written order will be entered separately.

_____
KEVIN MCNULTY
United States District Judge

Dated: September 15, 2015